37 C.C.P.A.(Patents)

## HACKETHAL v. ANDERSON.

Patent Appeal No. 5640.

United States Court of Customs and
Patent Appeals.

Feb. 2, 1950.

Semmes, Keegin, Beale & Semmes, Washington, D. C. (Harry H. Semmes, Lee M. Robinson, and Irvin S. Thompson, Washington, D. C., of counsel), for appellant.

Charles L. Shelton, East Hartford, Conn. (Loyd H. Sutton, Washington, D. C., Harris G. Luther, East Hartford, Conn., and Gordon W. Daisley, Washington, D. C., of counsel), for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL and JOHNSON, Associate Judges.

JACKSON, Judge.

This is an appeal in an interference proceeding from a decision of the Board of Interference Examiners of the United States Patent Office, awarding priority of invention of the subject matter of the single count in issue to appellee. The count reads as follows:

"In a propeller, a rotary driving element having blade shank receiving sockets formed therein, a blade mounted in each of said sockets, each of said blades being provided with a flange adjacent the shank end thereof, means fixed at a predetermined distance from the axis of said rotary driving element and cooperating with the flanges for blocking outward displacement of the blades from the sockets, and means interposed between the inner end of said blade shanks for pressing the blade shanks radially outwardly, said last mentioned means including a part engaging the inner end of one blade shank, a part engaging the inner end of another blade shank, means for adjusting said parts relative to each other to vary the pressure exerted thereby on the inner ends of said blades, and means for fixing said parts in their adjusted positions."

The interference involves an application of appellant, serial No. 440,999, filed April 29, 1942, and one of appellee, serial No. 474,638, filed February 4, 1943.

The count corresponds to a claim of appellant which appeared in an amendment to his application, filed February 12, 1945, and allowed as amended February 28, 1945. On November 13, 1945, the count was suggested to appellee by the Primary Examiner, and was incorporated as a claim in his application on December 5, 1945.

Both parties filed preliminary statements. The statement filed by appellant alleges first drawing, June 20, 1940; reduction to practice, December 1, 1940; disclosure to others, May 31, 1940; and the beginning of due diligence on June 30, 1940. The

statement of appellee alleges first drawing, disclosure to others and the beginning of due diligence as of October 17, 1939; first written description, November 1, 1939; and actual reduction to practice, April 26, 1941.

Appellee being the junior party had the burden of proving priority of invention by a preponderance of the evidence.

Both parties filed stipulated testimony and briefs and were represented at the final hearing.

As may be observed from a reading of the count, the subject matter involved relates to a propeller hub device, comprising variable pitch blades and which contains bearings designed to regulate the outer thrust of the blades while the propeller is rotating. The invention particularly pertains to means for preloading the bearings by the application of a load between two adjacent blades so that they are urged in an outwardly direction. Both applications clearly disclose the invention by showing adjustable preloading devices.

The record on behalf of appellee contains his testimony together with that of eight other witnesses—all employees of appellee's assignee, the Hamilton Standard Propellers Division of United Aircraft Corporation—together with eighteen exhibits.

It appears that appellee was actively working on a design of a new propeller for his employer in 1939. Supporting his testimony, a drawing was duly received in evidence for the purpose of showing the first development in his work. Three other exhibits disclose further developments on the project. An exhibit, bearing date of October 29, 1940, is a drawing on which is substantially depicted the invention, as shown in appellee's application. A full size propeller, incorporating the involved invention, was built in accordance with that drawing and tested on an engine at various times, beginning on April 26, 1941, and ending May 5, 1941, It is conceded by counsel for appellant that appellee actually reduced the invention to practice as of April 26, 1941, as alleged in his preliminary statement. There can be no question but that the record of appellee's conception and work justifies the holding of the board that he was entitled to a date of conception as early as October 29, 1940, and to the date of reduction to practice conceded by appellant.

The record on behalf of appellant consists of his own stipulated testimony and that of two other witnesses, together with fifteen exhibits. The proof shows that he conceived the idea of a preloading structure shown in detailed drawings on three exhibits on June 20, 1940. An assembly drawing, another exhibit, bearing date of September 19, 1940, presents the preloading structure shown on the other three exhibits in assembled relation to the propeller hub and blades.

It is the contention of appellant that the structure described in those exhibits satisfies the count for a conception of the involved invention. The said exhibits disclose a preloading structure, but not the structure defined by the count for the reason that the exhibits do not disclose "means for adjusting said parts relative to each other to vary the pressure exerted thereby on the inner ends of said blades, and means for fixing said parts in their adjusted positions."

According to the testimony of appellant, adjustments were made on his structure by changing what was termed the preloading spacer or by setting shims against the preloading spacer for temporary adjustment. He stated as follows:

"The shims worked well for any desired length of time but in general the Preload Spacer was machined to give the required preload pressure. Actual flight tests showed that the shim adjustments performed satisfactorily. In general permanent adjustment was made by inserting a Preload Spacer of the exact size to give the exact desired preload pressure."

It appears that the means for fixing the pertinent parts in adjusted positions at first consisted of a twisted thin wire and that subsequently a small pin inserted into a hole drilled through the parts.

None of the exhibits dated prior to appellee's conceded date of reduction to practice discloses means, as defined by the

count, which are capable of changing the relative positions of the parts so that the pressure exerted on the blades may be varied. As was noted by the board, in the structure shown on those exhibits, it was necessary to exert preloading pressure by either replacing of one part by another of different dimension or by adding or taking away shims. We agree with the holding by the board that the preloading spacer and shims perform no adjustment in causing relative movement of the parts of the combination. Their only function was to hold the parts in adjusted position. In that disclosed device, in order to make adjustments, tools were necessarily used, and, of course, tools are not part of the unitary structure of the propeller disclosed by the count. We agree with the holding of the board that the adjusting means provided for in the count must be a part of the combination forming the propeller, as is shown in the structure disclosed in both applications, wherein the adjusting means includes a threaded connection.

It has been argued that the adjustment once made need not be changed, but that does not meet the expression contained in the count—"means for adjusting"—and, of course, such an expression is not an immaterial limitation. The board stated that even if intended to be used but once, the adjusting means has its purpose, citing Page v. Holmes Burglar Alarm Telegraph Company, C.C.S.D.N.Y.1880, 1 F. 304, 319, 320.

We agree with the holding of the board that appellant's activities, above set out, are insufficient upon which to base the conception of the subject matter of the count, and therefore the evidence tending to show reduction to practice of appellant's structures need not be discussed. There is nothing in the record to show a conception of the involved invention by appellant antedating April 26, 1941, the admitted date of appellee's reduction to practice.

The record shows that appellant probably conceived the involved invention in the fall of 1941, but that is immaterial for the reason that appellee was first to conceive and first to reduce to practice prior to such date.

The decision of the Board of Interference Examiners is affirmed.

Affirmed.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.